UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WHEELER.,

    Plaintiff,

v.                                          Case No. 11-cv-11455
                                          Paul D. Borman
                                          United States District Judge

CITY OF DETROIT,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND STATE LAW CLAIMS

This is an employment law case. Anthony Wheeler ("Plaintiff") filed a Complaint against the City of Detroit ("Defendant") in Wayne County Circuit Court alleging (1) breach of contract, and (2) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendant filed a Notice of Removal on April 6, 2011, alleging that federal jurisdiction exists based on Plaintiff's allegations under the FLSA. (Dkt. No. 1.)

On May 6, 2011, Plaintiff filed the instant Motion to Remand State Law Claims. (Dkt. No. 6.) Defendant filed a Response on June 5, 2011. (Dkt. No. 10.) Plaintiff filed a Reply on June 27, 2011. (Dkt. No. 11.) The arguments have been fully briefed, and the Court has waived oral argument pursuant to Local Rule 7.1(e).

For the reasons stated below, the Court will deny Plaintiff's Motion.

### II. BACKGROUND

Plaintiff is employed by Defendant. Plaintiff alleges that Defendant's payroll system, a

1

computer program called "WorkBrain," is flawed, and that Defendant has failed to properly pay the wages of Plaintiff and other City employees. Plaintiff also alleges that Defendant is aware of its failure to properly pay the wages of Plaintiff and other employees, but it has failed to take steps to rectify any payroll issues.

Both of Plaintiff's claims seek legal and equitable relief. Plaintiff argues, however, that his FLSA claim seeks mainly legal relief (payment of overtime wages), while his breach of contract claim seeks legal relief in the form of reimbursement for unpaid wages and equitable relief in the form of an injunction forcing Defendant to fix the alleged problems with the WorkBrain system. Plaintiff asserts "that [the breach of contract] portion of the case should be handled as a class action under state law and should be handled in the Wayne County Circuit Court." (Pl.'s Mot. 3.)

### III. LEGAL STANDARD

Plaintiff concedes that the Court has jurisdiction over the FLSA claim, but requests that the Court decline to exercise supplemental jurisdiction over his state-law breach of contract claim.

In cases where federal jurisdiction exists, district courts may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). A district court's exercise of supplemental jurisdiction is discretionary. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, --- U.S. ----, 129 S.Ct. 1862, 1867 (2009).

### IV. ANALYSIS

The Court has discretion to decline supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law;

2

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). Plaintiff argues that grounds for remand exist under parts (1), (2) and (4).

**A. Novel or Complex Issues of State Law**

Plaintiff argues that his breach of contract claim raises novel and complex issues of state law. Plaintiff offers no case law in support of this assertion, however, and merely emphasizes that the basis for the claim is the WorkBrain system and that "the larger issue is the importance of declaratory or equitable relief to force the City to fix the problem and to comply with court orders." (Pl.'s Reply 3.)

The Court finds nothing novel nor complex about Plaintiff's breach of contract claim. Moreover, Plaintiff's assertion that an injunction against the City of Detroit is somehow novel and complex is groundless. This District has in the past overseen and enforced injunctive relief against the City. *See Bradley v. Miliken*, 540 F.2d 229 (6th Cir. 1976) (ordering desegregation of Detroit school system); *Schaefer v. Tannian*, No. 39943, 1976 WL 621 (E.D. Mich., Aug. 27, 1976) (unpublished) (entering an injunction against unlawful sex discrimination in the Detroit Police Department); *United States v. City of Detroit*, Case No. 03-72258 (E.D. Mich., July 18, 2003) (ECF 22) (consent judgment restraining the Detroit Police Department from certain unconstitutional practices and policies). The Court thus finds no basis to remand Plaintiff's

breach of contract claim under § 1367(c)(1).

**B. Predominance of State Law Issues**

A district court may decline to exercise supplemental jurisdiction where the issues raised by the state law claims substantially predominate over the federal issues in terms of proof, scope, or comprehensiveness of the remedy being sought. 28 U.S.C. § 1367(c)(2); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966).

Plaintiff has alleged only two claims, one state and one federal. Plaintiff argues that the injunctive relief requested in connection with his state-law claim – that Defendant resolve the alleged problems with the WorkBrain system – means that the state-law claim predominates over the federal claim. However, Plaintiff offers no case law in support of his argument.[1] Moreover, Plaintiff has not limited his request for injunctive relief to his breach of contract claim. In connection with his FLSA claim, Plaintiff requests "an amount to be determined, plus costs, interest, and attorneys fees; exemplary damages, *declaratory and injunctive relief*, and any other relief . . ." (Compl. ¶ 54) (emphasis added). Furthermore, the Court has authority to restrain future FLSA violations, which could require fixing the alleged defects with the WorkBrain system. *See* 29 U.S.C. § 217. The Court therefore finds no basis to remand under § 1367(c)(2).

**C. Compelling Reasons to Remand**

Plaintiff argues that the different relief requested and different legal standards applicable to his state and federal claims constitute a compelling reason to remand the case, relying on *Padilla v. City of Saginaw*, 867 F. Supp. 1309 (E.D. Mich. 1994).

---

[1] In contrast to Plaintiff's argument, courts have remanded where a state-law claim provides for monetary damages and a federal claim is limited to injunctive relief. *See Frezor v. Tesstab Operations Group, Inc.*, 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007).

The court in *Padilla* found that the "different legal standards, rules of vicarious liability and immunity, and recoverable damages . . . would be very difficult [for the jury to keep straight.]" *Id.* at 1315. The court specifically noted that the jury would need to decide mixed questions of fact and law that were different for the state and federal claims: "the standard for the [42 U.S.C.] § 1983 suit is objective reasonableness, while the standard for the state assault and battery claim is subjective reasonableness." *Id.* at 1316. The court also noted that *respondeat superior* liability applied under state law but not under federal law, that the applicable standards for immunity differed, and that punitive damages were available under federal law, but not for similar claims arising under state law. *Id.*

In the instant case, Plaintiff argues that "[t]he differences between the statutory rights and the common-law rights could easily confuse the jury in this case." (Pl.'s Mot. 5.) The Court disagrees. To prove his breach of contract claim, Plaintiff will need to prove (1) the existence of a contract, (2) the terms of the contract, (3) that the contract was breached, and (4) that he was injured by the breach. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). To prove his FLSA overtime claim, Plaintiff must show that Defendant is an employer as defined by the FLSA, that Plaintiff is an employee as defined by the FLSA, and that Plaintiff worked more than 40 hours in a week and did not receive overtime compensation. *See* 29 U.S.C. § 207(a)(1). Neither claim involves complex, mixed fact-law questions, like in *Padilla*. These are straightforward questions of fact that a jury is capable of determining without undue confusion. The Court finds no reason to remand the breach of contract claim pursuant to § 1367(c)(4).

## V. CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 9-19-11
Detroit, Michigan