UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WHEELER,

    Plaintiff, on behalf of himself
    and all others similarly situated,

v.

CITY OF DETROIT, a municipal corporation,

    Defendant.

Case No. 11-11455
Hon. Paul D. Borman

Magistrate Judge Paul J. Komives

---

**JOHN J. CONWAY** (56659)
**JOHN J. CONWAY, P.C.**
Attorneys for Plaintiff
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067
(313) 961-6525
(248) 837-1397 facsimile
john@johnjconway.com

**JOEL A. HARRIS** (P69934)
**LAW OFFICE OF JOEL A. HARRIS, PLLC**
Co-Counsel for Plaintiffs
18404 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 886-4505
(313) 886-5604 facsimile
joel@jaharrislaw.com

**LETITIA C. JONES (P52136)**
**GRANT HA (P53403)**
**CITY OF DETROIT LAW DEPT.**
Attorneys for Defendant
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-0414
(313) 224-5505 facsimile
jonelc@detroitmi.gov
hagra@detroitmi.gov

---

### PLAINTIFF'S MOTION FOR EQUITABLE TOLLING
### OF THE STATUTE OF LIMITATIONS

Plaintiff moves this Court for an order equitably tolling the statute of limitations for members of the proposed collective class for the reasons set forth in the attached supporting memorandum of law.

This Motion is supported by all the pleadings and documents filed in this action, including the Brief in Support. Concurrence in the relief requested herein was attempted but not received, hence it is necessary to file this motion.

Respectfully Submitted,

**JOHN J. CONWAY, P.C.**
Attorneys for Plaintiff

Dated: March 1, 2012         By:      s/John J. Conway
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067
john@johnjconway.com
P56659

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WHEELER,

    Plaintiff, on behalf of himself
    and all others similarly situated,

v.

CITY OF DETROIT, a municipal corporation,

    Defendant.

Case No. 11-11455
Hon. Paul D. Borman

Magistrate Judge Paul J. Komives

---

| | |
|---|---|
| **JOHN J. CONWAY** (56659)<br>**JOHN J. CONWAY, P.C.**<br>Attorneys for Plaintiff<br>26622 Woodward Avenue<br>Suite 225<br>Royal Oak, MI 48067<br>(313) 961-6525<br>(248) 837-1397 facsimile<br>john@johnjconway.com | **LETITIA C. JONES (P52136)**<br>**GRANT HA (P53403)**<br>**CITY OF DETROIT LAW DEPT.**<br>Attorneys for Defendant<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-0414<br>(313) 224-5505 facsimile<br>jonelc@detroitmi.gov<br>hagra@detroitmi.gov |
| **JOEL A. HARRIS** (P69934)<br>**LAW OFFICE OF JOEL A. HARRIS, PLLC**<br>Co-Counsel for Plaintiffs<br>18404 Mack Avenue<br>Grosse Pointe Farms, MI 48236<br>(313) 886-4505<br>(313) 886-5604 facsimile<br>joel@jaharrislaw.com | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS**

## STATEMENT OF ISSUE PRESENTED

Should this Court equitably toll the statute of limitations for all FLSA claims of the proposed class during the pendency of this action where: (1) the motion for conditional certification was filed on October 11, 2011, (2) Defendant's prior counsel sought adjournments and agreed that the adjournments would not affect the statute of limitations as specifically referenced in filings with this Court; and (3) where the proposed class has not yet received notice of the FLSA action?

Plaintiff answers: "Yes."

## **TABLE OF CONTENTS**

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.      THIS COURT SHOULD ISSUE AN ORDER EQUITABLY TOLLING
                THE CLAIMS OF THE CLASS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

              A.      *Legal Standards Governing Tolling* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

              B.      *Equitable Tolling Favored When Events Transpire Outside
                     Control of Plaitniff* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.     PLAINTIFF HAS MET ITS BURDEN TO TOLL THE STATUTE
                OF LIMITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION AND RELIEF REQUESTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Statutes**

29 U.S. §216(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

**Cases**

*Adams v. Tyson Foods, Inc.*,
    2007 U.S. Dist. LEXIS 38511 (W.D. Ark. May 25, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Allen v. Yukins*,
    366 F.3d 396 (6th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
    2007 U.S. Dist. LEXIS 21315 (N.D. Cal. Mar. 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beetler v. Trans-Foam, Inc.,*
    2011 U.S. Dist. LEXIS 141349 (N.D. Ohio 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Graham Humphries v. Memphis Brooks Museum of Art, Inc.*,
    209 F.3d 552 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Helton v. Factor 5, Inc.*,
    2011 U.S. Dist. LEXIS 136170 (N.D. Cal. Nov. 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Iavorski v. U.S. Immigration and Naturalization Services*,
    232 F.3d 124 (2d Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Roberts v. Simpson*,
    624 F.3d 781 (6th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Stickle v. SCI Western Mkt. Support Ctr., L.P.*,
    2008 U.S. Dist. LEXIS 83315 (D. Ariz. Sept. 30, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Valverde v. Stinson,*
    224 F.3d 129, 133 (2d Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INTRODUCTION**

This civil action is brought against the Defendant, the City of Detroit, seeking unpaid wages, for injunctive relief, and other damages as a consequence of its failure to provide such wages. Plaintiff alleges that the City of Detroit violated the Fair Labor Standards Act ("FLSA") by installing a computer system called "WorkBrain" that fails to accurately capture employee time, leading to underpayment of its employees. WorkBrain was purchased by the City to streamline its payroll functions, save costs, and automate a process previously performed by individuals. The WorkBrain timekeeping system, however, has been plagued with problems. The complaints of those adversely affected by the system, such as Plaintiff Anthony Wheeler, have been ignored. Mr. Wheeler, and others similarly situated to him, are routinely paid incorrect wages. Plaintiff has submitted evidence showing the City was aware of the problems with WorkBrain, in particular as it relates to capturing overtime and shift premium wages, and the City never advised its workforce of these problems.

On October 11, 2011, Plaintiff timely moved for conditional class certification under FLSA. The hearing on the motion was initially scheduled for January 18, 2012, then January 31, 2012, and then finally February 23, 2012. At the hearing, Plaintiff alerted the Court to the fact that the hearings had been rescheduled several times, and, owing to other issues outside the control of the Plaintiff, the period of limitations for bringing a FLSA action should be equitably tolled.

Plaintiff has identified three to four major categories of WorkBrain problems, as well as 'agencies' of affected City employees. Plaintiff timely filed this action, timely commenced targeted discovery, and timely filed a motion for conditional class certification five months ago. This was sufficient time to preserve the claims of the class. Yet, the class of affected employees have not received any notice of the pending action, and their claims should be tolled.

Plaintiff has shown good cause for the relief requested. First, owing to scheduling issues, completely outside the control of the Plaintiff, including the court's docket, the medical leave of an attorney, and the appearance of new defense counsel, all previously scheduled hearing dates were adjourned a total of three (3) times. Presently, the Court is considering the submission of the parties on the issue of conditional certification under 216(b) of FLSA. In its last request for an extension, Defendant sought and received concurrence to move the hearing on class certification contingent upon the statute of limitations being preserved. (Dkt. #26, ¶10). Defendant filed the motion without permitting Plaintiff to it review in advance, but the issue of the statute of limitations is specifically addressed, and moving the hearing was made contingent upon this express agreement. Defendant's Motion was filed on those grounds and secured a later hearing date based on that stipulation. Accordingly, the statute of limitations for the affected class of employees should be equitably tolled.

## ARGUMENT

I. **THIS COURT SHOULD ISSUE AN ORDER EQUITABLY TOLLING THE CLAIMS OF THE CLASS**

  *A.     Legal Standards Governing Tolling*

A federal court should find that a statute of limitations be tolled "to avoid inequitable circumstances." *Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir. 2000); *Iavorski v. U.S. Immigration and Naturalization Services*, 232 F.3d 124, 129 (2d Cir. 2000). The FLSA statute of limitations, like any other limitations period, is subject to the doctrine of equitable tolling. *Beetler v. Trans-Foam, Inc.,* 2011 U.S. Dist. LEXIS 141349 (N.D. Ohio 2011) (citing *Graham Humphries v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000))."Plaintiff bears the burden to

demonstrate why he is entitled to equitable tolling of the statute of limitations." *Id.* (citing *Roberts v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)).

### B. *Equitable Tolling Favored When Events Transpire Outside Control of Plaintiff*

When a delay caused by a court to rule on a motion for conditional certification, the statute of limitations should be tolled. Several courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice. *See, e.g., Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist. LEXIS 83315 (D. Ariz. Sept. 30, 2008) (equitably tolling the FLSA statute of limitations where court delaying ruling on the plaintiffs' collective action pending determination of defendant's motion to dismiss); *Adams v. Tyson Foods, Inc.*, 2007 U.S. Dist. LEXIS 38511, *4-5 (W.D. Ark. May 25, 2007) (tolling the statute of limitations pending a decisions by the MDL panel whether to transfer the case); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315, *27-30 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiff's control, including litigation and the competition between attorneys that occurred during the settlement of related action); *see also Helton v. Factor 5, Inc.*, 2011 U.S. Dist. LEXIS 136170, *6-7 (N.D. Cal. Nov. 28, 2011) (equitably tolling FLSA statute of limitations pending decision on plaintiffs' motion for conditional certification).

## II. PLAINTIFF HAS MET ITS BURDEN TO TOLL THE STATUTE OF LIMITATIONS

In it prior submissions, Plaintiff has identified three to four major categories of WorkBrain systemic problems and the 'agencies' of affected City employees. Plaintiff has also demonstrated that the City was aware of the problems with WorkBrain, but that the City never advised its

workforce of these problems. Plaintiff timely filed this action, timely commenced targeted discovery, and timely filed a motion for conditional class certification five months ago. This was sufficient time to preserve the claims of the class. Still, the proposed conditional class of affected employees have not received any notice of the pending action, and their claims should be tolled.

Plaintiff has shown good cause for the relief requested. First, owing to scheduling issues completely outside the control of Plaintiff, including, the court's docket, the medical leave of an attorney, and the appearance of new defense counsel. As has been indicated, all previously scheduled hearing dates were adjourned, for a total of three (3) adjournments. Presently, the Court is considering the submission of the parties on the issue of conditional certification under 216(b) of FLSA. In its last request for an extension, Defendant sought and received concurrence to move the hearing on class certification contingent upon the statute of limitations being preserved. (Dkt. #26, ¶10). Following discussions between counsel for the parties, Defendant filed the "stipulated" motion to adjourn the hearing without permitting Plaintiff to review it in advance, but the issue of the statute of limitations is specifically addressed, and moving the hearing was made contingent upon this express agreement. Defendant's Motion was filed on those grounds and secured a later hearing date based on that stipulation. Accordingly, the statute of limitations for the affected class of employees should be equitably tolled.

## CONCLUSION AND RELIEF REQUESTED

For the above stated reasons, Plaintiff respectfully requests that this Court enter an order equitably tolling of the claims of the proposed class under FLSA 216(b), 29 U.S. §216(b).

Respectfully submitted,

**JOHN J. CONWAY, P.C.**

Dated: March 1, 2012        By:    s/John J. Conway
26622 Woodward Avenue
Suite 225
Royal Oak, MI  48067
john@johnjconway.com
P56659

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, John J. Conway electronically filed the foregoing *Motion for Equitable Tolling* and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

**JOHN J. CONWAY, P.C.**

Dated: March 1, 2012        By:    s/John J. Conway
26622 Woodward Avenue
Suite 225
Royal Oak, MI  48067
john@johnjconway.com
P56659